FREDERIC M. BARTLETT *vs.* HAMLIN GRANT PLANTATION.

*Assumpsit. Public Laws of* 1868, *c.* 225, § 6. *Soldier. Towns.*

Military services rendered by a volunteer, without any contract between him and the town of which he is a resident relative thereto, will not raise any implied promise on the part of the town to pay for them, nor entitle the soldier to any share of the surplus received by the town from the State, if he did not count upon that town's quota; and an order given by its assessors therefor, and accepted by the treasurer, is without adequate consideration, and is void in the hands of a subsequent purchaser.

ON FACTS AGREED.

ASSUMPSIT to recover $52.83, the amount of an order drawn by the assessors of defendant plantation upon its treasurer, and accepted by him June 13, 1870, in favor of Jonathan Kimball or bearer, purchased by the plaintiff of the original payee, to whom it was given on account of the military services of his son, a citizen of that plantation, who enlisted prior to July 2, 1862, and died within six weeks after joining the army, leaving his father as his sole heir. Six persons resident in this plantation enlisted, four of whom counted upon its quota, but this plaintiff did not so count. The plantation received $317 from the State under Public Laws of 1868, c. 225, § 6, for one-sixth part of which the aforesaid order was given. This case is distinguished from *Pearson* v. *Inhabitants of Hamlin's Grant,* 60 Maine, 157, only by the giving and purchase of this order.

*H. C. Davis,* for the plaintiff.

*D. Hammons,* for the defendant.

DICKERSON, J. The statute of 1868, providing for the equalization of municipal war debts and their reimbursement by the State, gives no rights, and confers no obligations in relation to any soldiers not furnished by the municipalities respectively. *Pearson* v. *Inhabitants of Hamlin's Grant,* 60 Maine, 158.

It does not appear that the plaintiff was enlisted at the instance of the defendant plantation, or that he was put upon its quota, though he was a resident thereof, at the time of his enlistment.

The giving of the order in suit to the plaintiff by the assessors of the defendant plantation does not render it liable to pay him any portion of the trust fund received from the State to which he is not otherwise entitled. *Plaintiff nonsuit.*

APPLETON C. J., WALTON, BARROWS, DANFORTH and VIRGIN, JJ., concurred.